CADES SCHUTTE LLP
A Limited Liability Law Partnership

KEITH Y. YAMADA                4044-0
THEODORE D. C. YOUNG      5735-0
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813-4216
Email: kyamada@cades.com
Telephone: (808) 521-9200
Fax: (808) 540-5081

Attorneys for Secured Creditor
FINANCE FACTORS, LIMITED

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re<br><br>JOAN MARGARET BIHN,<br><br>          Debtor. | CASE NO. 11-01458<br>(Chapter 7)<br><br>**FINAL HEARING**<br><br>DATE:  August 31, 2011<br>TIME:  1:30 p.m.<br>JUDGE:  Honorable Lloyd King |
|---|---|

### FINDINGS OF FACT AND CONCLUSIONS OF LAW RE FINANCE FACTORS, LIMITED'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Secured Creditor Finance Factors, Limited's ("Finance Factors") motion for relief from automatic stay filed June 20, 2011 (the "Motion") came on for final hearing on August 31, 2011, at 1:30 p.m. before the Honorable Lloyd King. Theodore D. C. Young, Esq. appeared for Finance Factors and the Debtor Joan Bihn ("Debtor") was also present. No other party appeared at the hearing on the

instant motion.

Based on the evidence presented and finding good cause therefor, the Court determines that the provisions of 11 U.S.C. §362 have been met and that relief from the automatic stay is appropriate. Based upon the evidence, the Court hereby issues the following findings of fact:

## FINDINGS OF FACT

1. On August 14, 2008, Debtor Joan Margaret Bihn (the "Debtor") executed and delivered to Finance Factors, an Adjustable Rate Promissory Note (the "Note"), in the principal amount of $745,500.00.

2. On August 14, 2008, the Debtor executed and delivered to Finance Factors an Adjustable Rate Mortgage (the "Mortgage"), recorded in the Bureau of Conveyances of the State of Hawaii (the "Bureau") as Document No. 2008-132371, to secure payment of the Note.

3. The Mortgage grants to the holder of the Note and to the mortgagee of the Mortgage a security interest in that certain fee simple property as described in Exhibit "A" of the Mortgage (the "Mortgaged Property"), which Mortgaged Property is located at 850 Kekaulike Road, Kula, HI 96790, bearing Tax Map Key No. (2) 2-2-009-035.

2

4. The lien of the Mortgage is valid and existing and senior and superior to any other secured party's interest, if any, in the Mortgaged Property, such property also including certain personal property as described therein.

5. Despite demand therefor, Debtor has failed to make agreed upon monthly payments of the Note, with March 1, 2009, being the date of the first default under the Note and the Mortgage, and each such subsequent missed payment being a default under the Note and the Mortgage.

6. By reason of such defaults, Finance Factors declared the entire indebtedness secured by the Mortgage immediately due and payable and Finance Factors is entitled to foreclose the Mortgage, have the Mortgaged Property sold, and be paid from the proceeds therefrom in accordance with its priority, over all other parties herein.

7. As of June 16, 2011, the Debtor owed Finance Factors the amount of $818,249.66, which includes principal, accrued interest, late charges, and advances on the Note and Mortgage, and all expenses and attorneys' fees incurred by Finance Factors in connection with the Debtor's default under the Note and the Mortgage.

8. On or about April 7, 2010, Finance Factors filed a foreclosure Complaint in the Second Circuit Court, State of Hawaii (Civil No. 10-1-0211(2)) (hereinafter, the "State Court Action"), against, *inter alia*, the Debtor.

9. Debtor filed her voluntary Chapter 7 petition on May 24, 2011.

10. According to the Debtor's Schedules filed on June 7, 2011, the value of the Mortgaged Property is $579,500.00. Docket 8, at Schedule A.

## **CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the parties and the subject matter.

2. 11 U.S.C. § 362(d) provides, in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --

(1) for cause including the lack of adequate protection of an interest in property of such party in interest; <u>or</u>

(2) with respect to a stay of an act against property under subsection (a) of this section, if --

(A) the <u>debtor does not have an equity</u> in such property; and

(B) such <u>property is not necessary to an effective reorganization</u>.

3. Pursuant to 11 U.S.C. § 362(d)(1), a party in interest is entitled to relief from the automatic stay for "cause," including the lack of adequate protection. <u>See</u>, <u>e.g.</u>, <u>In re Development, Inc.</u>, 36 B.R. 998, 1003 (Bankr. D. Haw. 1984).

4

4. "Cause" for lifting the automatic stay pursuant to 11 U.S.C. § 362(d)(1), however, is not limited to the lack of adequate protection. In <u>In re Anderson</u>, 36 B.R. 120, 123 (Bankr. D. Haw. 1983), this Court concluded:

> Under Section 362(d), Bank need not allege lack of equity, no possibility of an effective reorganization or lack of adequate protection in order to gain relief from the stay. The Court can grant relief from the stay "for cause" including but not limited to the above claims. <u>Any "cause" convincing the Court that the stay should be modified is adequate</u>.

36 B.R. at 123 (emphasis added).

5. Section 362(a) allows a creditor to seek relief from the automatic stay "for cause," including the lack of adequate protection. In this instance, good cause exists to grant Finance Factors relief from the automatic stay.

6. The Debtor's monthly payments to Finance Factors became delinquent beginning in March, 2009.

7. The Debtor is in default of her obligations under the Note and the Mortgage.

8. The Debtor has the burden of proof on all issues on this Motion for Relief From Automatic Stay, which is brought pursuant to 11 U.S.C. § 362(d), except for the issue of "the debtor's equity in the property." <u>See</u> 11 U.S.C. § 362(g); <u>In re Development, Inc.</u>, 36 B.R. 998, 1004.

9. "Cause" exists here for relief because the Debtor has no equity in the Mortgaged Property. According to the Debtor's own Schedules, the value of the Mortgaged Property ($579,500.00) is less than the amount owed to Finance Factors. Finance Factors is an under-secured creditor.

10. The Court finds that the Debtor has no equity in the Mortgaged Property.

11. Under section 362(d)(1), cause exists to grant Finance Factors relief from the automatic stay to allow Finance Factors to immediately proceed with its foreclosure in the State Court Action.

12. The Mortgaged Property is also not necessary for an effective reorganization as this is a Chapter 7 proceeding.

*/s/ Lloyd King*
**United States Bankruptcy Judge**
Dated: September 8, 2011